UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re<br><br>COMMERCIAL BANK OF DUBAI PSC,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C.§ 1782 to Conduct Discovery for Use in a Foreign Proceeding | Case No. 1:24-mc-00416 |

**STIPULATED PROTECTIVE AGREEMENT**

WHEREAS, Commercial Bank of Dubai PSC ("CBD") has served on Respondent HSBC Bank USA, N.A. ("HSBC" or "Producing Party") a Subpoena to Produce Documents, Information, or Objects in a Civil Action (the "Subpoena"), and HSBC desires confidentiality of nonpublic information that it discloses in response.

WHEREAS, the Subpoena seeks documents for use in foreign proceedings, to which HSBC is a non-party, including the English Proceedings as defined and described in CBD's § 1782 petition filed in this action (ECF 9) and all current and future foreign or U.S. proceedings involving facts and claims that are similar or related to those in the English Proceedings, as long as it relates to the enforcement of any judgment that is the subject of the English Proceedings or issued from the English Proceedings (collectively the "Actions").

IT IS AGREED that CBD and HSBC, through counsel, agree that their respective officers, agents, servants, employees, and attorneys will adhere to the following terms:

1. Producing Party may designate as Confidential those documents it reasonably and in good faith believes contain non-public information as to which the Producing Party has and will continue to take measures to keep confidential, and that if publicly disclosed, would cause significant damage to the Producing Party ("Confidential Discovery Material").

2. Producing Party may designate such document as "Confidential" by marking the

document as "Confidential."

    3.     Confidential Information shall only be used in connection with the Actions.

    4.     Where the Producing Party has designated Discovery Material as Confidential, CBD may disclose such information only to the following persons:

      (a) Counsel to CBD in the Actions;

      (b) Parties and witnesses (including experts) to the Actions;

      (c) Outside consultants, vendors, or service providers (such as copy-service providers, stenographers, and document-management consultants) hired in connection with the Actions.

      (d) Before counsel may show or disclose Confidential Information to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Agreement. Any disclosure of Confidential Information to witnesses, experts and/or consultants must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Actions.

    5.     If the Confidential Information is used in any action, CBD shall make reasonable efforts to prevent the Confidential Discovery Material from becoming part of the public record, including, without limitation, requesting that the Confidential Information be filed under seal. If the Court denies leave to file under seal or if such mechanism is not available in the Actions, CBD must redact from a public filing all Confidential Information that is not material to the purpose for which the document is filed. Should any non-party to the Actions seek access to the Confidential Information, by request, subpoena, or otherwise, CBD or another recipient of the Confidential Information, as applicable, shall promptly notify HSBC, and shall cooperate with

HSBC in resisting any efforts by third parties to obtain Confidential Information.

6. The inadvertent disclosure by HSBC of any information subject to a claim of attorney-client privilege, attorney-work-product or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim. Neither shall this Agreement be construed as requiring HSBC or any other branch or subsidiary of HSBC, to commit any act that would violate any domestic federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of such law, shall not be considered as a waiver thereof.

7. Production or disclosure of Confidential Information under this Agreement shall not prejudice any of HSBC's rights to maintain the trade secret status or confidentiality of that information for any other purpose.

8. The obligations under this Agreement shall survive the termination of the Actions and continue to bind CBD and HSBC.

9. If CBD does not agree with any designation of confidentiality, CBD may notify the Producing Party, and if agreement cannot be reached, counsel for CBD will seek relief from the Court in the above-captioned matter.

10. This Agreement may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document and email or facsimile copies of signatures shall have the same force and effect of original signatures.

11. This confidentiality agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this action. Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual

Rules of Civil Procedure.

SO STIPULATED AND AGREED.

By: /s/ Yonah Jaffe
Yonah Jaffe (SDNY YJ0421)
**REID COLLINS & TSAI LLP**
420 Lexington Avenue, Suite 2731
New York, NY 10170
Tel: (212) 344-5200
Fax: (212) 344-5299
Email: yjaffe@reidcollins.com

*Attorneys for Commercial Bank of Dubai PSC*

By: /s/ Kendall Pauley
Kendall R. Pauley
**HSBC NORTH AMERICA HOLDINGS INC.**
66 Hudson Boulevard East
New York, NY 10001
Tel: (212) 525-0304
kendall.pauley@us.hsbc.com

*In-House Counsel for HSBC Bank USA, N.A.*

**SO ORDERED.**

Date: March 21, 2025
New York, New York

_____
Hon. Katherine Polk Failla
United States District Judge